UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REABURN LENAU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA, N.A., and DOES 1–10, inclusive,<br><br>　　　　Defendants. | No. 2:15-cv-01374-GEB-EFB<br><br>***SUA SPONTE* REMAND ORDER** |

　　　　This case will be remanded to the state court from which Defendant Bank of America, N.A. ("BANA") removed it, since BANA has not established that the amount in controversy exceeds $75,000.

　　　　BANA removed this case from the Superior Court of California, County of Sacramento, asserting in its Notice of Removal that the sole basis for removal is diversity of citizenship jurisdiction, under 28 U.S.C. § 1332. (Notice of Removal ("NOR") 1:24-28, 2:1-3, 3:18-22, ECF No. 1.) "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

1

"The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)); see 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff's Complaint does not specify an amount in controversy. Instead, Plaintiff seeks as relief: damages for BANA's alleged violations of state law; an injunction enjoining BANA "from attempting to foreclose on the Subject Property including the recording of a Notice of Default until [BANA] has fairly evaluated and delivered a written determination on Plaintiff's application for BANA's 'in house' loan modification;" punitive and/or exemplary damages; prejudgment interest; costs; and attorneys' fees. (Compl. Prayer for Relief, ECF No. 1.)

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006) (citations omitted). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

"To determine whether the removing party has met its burden of showing that the amount in controversy requirement is

satisfied, the court can consider the contents of the notice of removal and 'summary-judgment-type evidence' relevant to the amount in controversy at the time of removal." Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM (PLAx), 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014) (citing Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004)). The court may also consider supplemental evidence later provided by the removing defendant, which was not originally included in the notice of removal. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam). Further, the court has discretion to "allow discovery relevant to jurisdictional amount prior to [determining whether a case should be] remand[ed]." Abrego Abrego, 443 F.3d at 691 (citations omitted); Andrews v. Pride Indus., No. 2:14-CV-02154-KJM, 2015 WL 1014133, at *5 (E.D. Cal. Mar. 6, 2015) (citing Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003)) ("A district court has broad discretion to permit or deny discovery to establish subject matter jurisdiction."). "A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture; '[r]ather, [the] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.'" Jackson, 2014 WL 5514142, at *8 (alterations in original) (quoting Fong v. Regis Corp., No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014)).

Here, BANA asserts the jurisdictional amount "can be established by the value of the Property and/or the amount of the mortgage debt at issue." (NOR 4:25-27.) BANA further asserts "the subject mortgage loan is valued at $781,446.27 and the Property

3

was worth at least $461,488 as of May 20, 2014." (NOR 5:2–3 (citing Compl. ¶ 44, 46).)[1] BANA also contends "[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law." (NOR 5:6–10 (citation omitted).)

**I.**

**The Entire Value of the Loan or Property Is Not in Controversy**

BANA's assertion in its Notice of Removal that the mortgage loan balance establishes the amount in controversy for purposes of diversity jurisdiction is an unsupported conclusory assertion. "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending decision on a loan modification application." Vergara v. Wells Fargo Bank, N.A., No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (footnote omitted); see also Vonderscher v. Green Tree Servicing, LLC, No. 2:13-CV-00490-MCE-EFB, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount under claims such as breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud, violation of California Business and Professions Code section 17200, slander of title, defamation, and intentional infliction of emotional distress, the amount in controversy is 'not properly gauged by the loan amount.'" (citations omitted)); Landa v. Flagstar Bank, FSB, No. 10CV1429-

---

[1] Plaintiff also alleges BANA valued the property at $451,457 two-months later, on July 21, 2014. (Compl. ¶ 45.)

4

1  L(BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (holding
2  "the amount in controversy is not properly gauged by the loan
3  amount or the property value" where plaintiffs sought, in part,
4  an "injunction against foreclosure" but were "not seeking loan
5  rescission").

6  Similarly, courts have also rejected using the
7  property's appraised value to establish the amount in controversy
8  where plaintiff seeks injunctive relief pending a loan
9  modification. Vo-Ta v. Bank of Am., N.A., No. SACV 14-1646
10 AG(DFMx), 2014 WL 8480451, at *1 (C.D. Cal. Nov. 20, 2014)
11 (holding the property's value is not "the object of the
12 litigation[,]" for measuring the amount in controversy, where
13 plaintiffs seek "injunctions that only temporarily delay
14 foreclosure"); Vonderscher, 2013 WL 1858431, at *4 ("[C]ourts
15 have rejected using the appraised value of the property as a
16 measure of the amount in controversy when [p]laintiffs' action is
17 'essentially a common law fraud action rather than a typical
18 mortgage foreclosure action.'" (quoting Landa, 2010 WL 2772629,
19 at *2)).

20 BANA's reliance on Reyes v. Wells Fargo Bank, N.A., No.
21 C-10-01667JCS, 2010 WL 2629785 (N.D. Cal. June 29, 2010), is
22 misplaced, since in Reyes, plaintiffs sought to enjoin the bank
23 "from selling the foreclosed property to a third party." Id. at
24 *5. Conversely, here Plaintiff seeks in part to delay foreclosure
25 proceedings temporarily, pending a decision on his "in-house"
26 loan modification application. Further unlike Reyes, Plaintiff
27 has not alleged his loan is in default, there has not been a
28 notice of default filed, and there is no actual or pending

1  foreclosure. See id. at *1-2. Thus, BANA has not provided
2  authority supporting its assertion that the amount in controversy
3  is properly gauged "by the value of the Property and/or the
4  amount of the mortgage debt at issue" where, in addition to
5  temporary injunctive relief, Plaintiff seeks unspecified damages
6  for alleged violations of state law. (See NOR 4:25-26.)

7        Moreover, the relevant binding authority is
8  distinguishable from the present case. The Ninth Circuit has held
9  "[i]n actions seeking declaratory or injunctive relief, it is
10 well established that the amount in controversy is measured by
11 the value of the object of the litigation." Chapman v. Deutsche
12 Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011)
13 (citations omitted). Chapman, however, concerned a quiet title
14 action and therefore "the object in litigation [wa]s the
15 [p]roperty." Id. In Garfinkle v. Wells Fargo Bank, 483 F.2d 1074
16 (9th Cir. 1973), the court held the amount in controversy was
17 satisfied, since either the amount of plaintiff's indebtedness on
18 the loan or the property's fair market value exceeded the
19 statutory minimum. Id. at 1076. There, the Garfinkle plaintiff
20 sought to enjoin the bank from selling the property on grounds
21 that California's nonjudicial foreclosure statute was
22 unconstitutional. Id.

23 **II.**
24 **BANA Does Not Provide Any Support that Plaintiff's Remaining**
25 **Damages Claims Exceed the $75,000 Amount in Controversy**
26 **Requirement**

27       In its Notice of Removal, BANA lists Plaintiff's
28 requests for unspecified damages. (NOR 5:4-5.) "Such general

statements cannot establish that the jurisdictional threshold of $75,000 is met by a preponderance of the evidence, however." Jauregui v. Nationstar Mortgage LLC, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *5 (C.D. Cal. May 7, 2015).

Further, the possibility of a punitive damages award is insufficient to prove that the amount in controversy has been met. Otherwise, the mere reference to possible punitive damages' exposure would satisfy the amount in controversy requirement in every removed case containing a prayer for punitive damages. Instead, "[i]n order to meet their burden for removal, a defendant must provide factual support that punitive damages should be considered and that the amount the plaintiff seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000." MXI Corp. v. Webb, No. 3:10-CV-00721-LRH, 2011 WL 336720, at *4 (D. Nev. Jan. 28, 2011). Thus, while "punitive damages are part of the amount in controversy in a civil action[,]" Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), here BANA has not attempted to quantify Plaintiff's punitive damages claim. See Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient.").

## III.

### Conclusion

Therefore, BANA has failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Abrego Abrego, 443 F.3d at 683.

For the stated reasons, this case is remanded to the Superior Court of California, County of Sacramento.

Dated: September 15, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge